THOMAS A. JOHNSON, complainant-appellant,

*v.*

GEORGE JUPILAT, defendant-respondent.

[Submitted May 26th, 1933. Decided September 27th, 1933.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Bigelow, who filed the following opinion:

"The only question presented is whether the supplement to 'An act directing the descent of real estate' (*P. L. 1926 p. 77*) was repealed by 'An act relative to curtesy'. *P. L. 1927 p. 128,* as amended, *P. L. 1928 p. 380.* Mary A. Jupilat, a married woman, purchased lands in 1932 and died seized thereof intestate, without issue, leaving her husband, who is the defendant, and her brother, the complainant. Each claims the land as her heir, the husband relying on the supplement of 1926.

"Neither the act of 1927 nor the amendment of 1928 expressly repeals the 1926 statute; if a repeal resulted, it is implied. The act of 1926 reads:

" 'Hereafter, when any married person shall die seized of any lands, tenements or hereditaments, in his or her right in fee-simple without devising the same in due form of law and without leaving lawful issue but leaving a husband or wife, him or her surviving, then and in that case the said person so surviving, whether it be husband or wife, shall take an entire estate in fee-simple in the deceased's land, tenements or hereditaments; provided, however, this

act shall only apply to property of which husband or wife may die seized of, which had been purchased by husband or wife during coverture.'

"The pertinent section of the statute of 1927 follows:

" 'That the widower, whether alien or not, of any person dying intestate or otherwise, shall be endowed for the term of his natural life of the one full and equal half part of all the lands, tenements and other real estate, whereof his wife, or any other to her use, was seized of an estate of inheritance, at any time during the coverture, whether lawful issue be born alive or not, to which he shall not have relinquished or released his right of curtesy by deed executed and acknowledged in the manner provided by law for that purpose.'

"The amendment of 1928 merely struck from the phrase, 'whether *lawful* issue be born *alive* or not,' the words which I have italicized. If the legislature did not intend to repeal the act of 1926 by the statute of 1927, certainly they did not intend the amendment of 1928 to have that effect.

"The statute of 1927 does not cover the whole subject-matter of the earlier act, since it does not deal with lands of which a husband dies seized. But by an amendment to 'An act relative to dower' (*P. L. 1927 p. 124*) approved the same day as the act relative to curtesy, the matter of a wife's interest to her husband's lands was treated, so that the two acts of 1927, taken together, provide a rule applicable in every instance which might arise under the statute of 1926. 'When a general rule is provided by the legislature to cover an entire subject-matter, all earlier and different legislative rules touching such matter are to be discarded in favor of such later rule.' *Board of Education* v. *Tait, 81 N. J. Eq. 161.* If, indeed, the subject of the act of 1926 and of the acts of 1927 is the same, the former act must be considered repealed unless it can be construed to remain in force as an exception to the general rule prescribed by the later acts. The curtesy statute governs many situations not within the scope of the act of 1926. For instance: when the wife dies testate; when she leaves issue; when she acquires the land before marriage; or takes title by operation of law and not by purchase; when she loses title (as by execution sale) before her death. In

all these cases, the husband may have curtesy under the act of 1927, while he could not inherit under the act of 1928. 'The law is well settled that a general affirmative statute does not repeal a prior particular one, unless there is such an irreconcilable inconsistency between them as indicates an intention to repeal.' *McCarter* v. *Lehigh Valley Railroad Co., 78 N. J. Eq. 346, 358; affirmed, 86 N. J. Eq. 168.* There appears to me no inconsistency in a legislative scheme which gives to a husband, in all events, a life interest in one-half of his wife's lands, and also gives him the fee in property bought by his wife during coverture, if she makes no other disposition of it, and leaves no children to inherit it.

"But the two statutes do not in reality deal with the same subject. *Reese* v. *Stires, 87 N. J. Eq. 32.* The one makes the husband the heir of his wife in certain circumstances, the other regulates and alters his estate by curtesy. The one gives him no title whatever until she dies, since no one is heir to the living, while the other statute relates to an estate, or interest which devolves upon the husband at marriage, or as soon as his wife acquires title, and which from then on until his death, burdens the title of his wife, and the title of her heirs and all holding under her. The two statutes have different subjects—different kinds of titles. The husband, since feudal times, has had an estate by the curtesy; the legislature in 1926 cast on him at his wife's death, in certain circumstances, an additional estate, in fee, as her heir. The situation thus created is much the same as if the wife should devise to her husband the fee. The act of 1926 did not repeal the common law relating to curtesy; the two laws remained in full effect, the husband, in certain cases, taking under both, his lesser title merging in the greater. The act of 1927 did not create curtesy; it merely provided that curtesy might become consummate even though no child were born of the marriage, and it reduced the curtesy from a life estate in the whole property to an estate in one-half thereof. I think the legislature did not intend thereby to destroy any estate the husband might inherit as his wife's heir.

"This conclusion is strengthened by the supplement to the act relative to curtesy which was approved only two weeks after the original act was approved. *P. L. 1927 p. 472.* It provides that nothing contained in the curtesy statute 'shall be construed to affect or impair the provisions of the Descent act of 1926.' Generally, a legislative construction of a previous statute is binding on the courts. *25 R. C. L. 1047.* But I have not thought it entirely safe to rely solely on this supplement, for this reason: If, by fair interpretation, the act relative to curtesy repealed the 1926 supplement to the Descent act, then the legislature could not, at a later day, revive the latter act by reference to its title only. Constitution, article 4, section 7, paragraph 4. *In re Thompson, 85 N. J. Eq. 221, 249.* As to the operation of the cited section of our constitution, see *Wallace* v. *Bradshaw, 54 N. J. Law 175.*

"Whatever the force of this legislative interpretation, I am satisfied that *P. L. 1926 p. 77* remains unrepealed, and that the defendant husband inherited the fee thereunder. This conclusion is supported by the decision of Vice-Chancellor Berry in *Malague* v. *Marion, 107 N. J. Eq. 333,* but it is at variance with what was said by Vice-Chancellor Fielder in *McGoldrick* v. *Grebenstein, 108 N. J. Eq. 335.* Every opinion of that distinguished judge has such weight that I disagree with him most reluctantly. In that case, however, the actual decision went no further than that *P. L. 1926 p. 77* did not operate on land acquired by the wife before the enactment.

"Let there be a decree for defendant."

*Mr. J. Vincent Barnitt,* for the appellant.

*Mr. William V. Rosenkrans,* for the respondent.

Per Curiam.

The decree appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Bigelow in the court of chancery.

*For affirmance*—The Chief-Justice, Trenchard, Parker, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ.  14.

*For reversal*—None.